UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HARISH MONGA,                                          **COMPLAINT**

                        Plaintiff,

             -against-

ALPHA IMPORTS NY, INC. and BALU KHATOD,

                        Defendants.
------------------------------------------------------------------X

      Plaintiff Harish Monga ("Plaintiff"), by his attorneys, Raff & Becker LLP, for his complaint against Defendants Alpha Imports NY, Inc. ("Alpha Imports") and Balu Khatod ("Khatod") (collectively "Defendants") alleges the following:

## PRELIMINARY STATEMENT

    1.    Plaintiff brings this action against Defendants for overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and New York Labor Law, N.Y. Lab. Law §§ 190, *et seq.* ("NYLL"), frequency-of-payment violations pursuant to the NYLL, and failure to provide wage statements pursuant to the NYLL.

## DEMAND FOR JURY TRIAL

    2.    Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial on all the issues so triable.

## THE PARTIES

    3.    Plaintiff is an individual residing at 155-04 84th Street, 1st Floor, Howard Beach, NY 11414.

    4.    Upon information and belief, Alpha Imports is a New York corporation with its principal place of business at 15 West 47th Street, Suite 405, New York, NY 10036.

1

5.    Upon information and belief, Khatod is an individual residing at an unknown address in New York.

## JURISDICTION AND VENUE

6.    Pursuant to 28 U.S.C. § 1331, this Court has federal-question jurisdiction over Plaintiff's claim pursuant to the FLSA.

7.    Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's claims pursuant to the NYLL.

8.    Pursuant to 28 U.S.C. §§ 1391(b)(1), (b)(2), (c)(2), the Southern District of New York is the proper venue.

## FACTUAL ALLEGATIONS

9.    Alpha Imports is a jeweler.

10.   Alpha Imports sells diamonds, gemstones, and jewelry from its office at 15 West 47th Street, Suite 405, New York, NY 10036 in person, online, by phone, by fax, and by mail.

11.   Upon information and belief, Khatod is the owner, President, and Chief Executive Officer of Alpha Imports.

12.   Plaintiff was employed by Defendants from October 2001 to July 18, 2018.

13.   Plaintiff did not have an official job title.

14.   Plaintiff's job duties included speaking to customers on the phone, showing walk-in customers diamonds, gemstones, and jewelry, processing orders, preparing shipments and invoices, running errands (e.g., post office), performing manual work (e.g., moving boxes), sending products to setters and other jewelers, and updating the back end of Alpha Imports's website.

15. Plaintiff sold diamonds, gemstones, and jewelry that came from outside of New York, shipped products to other states, and processed credit card payments.

16. Plaintiff was never a shareholder, officer, or director of Alpha Imports.

17. Plaintiff did not direct the work of any other employees.

18. Plaintiff did not have the authority to hire or fire other employees nor make suggestions or recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees.

19. Plaintiff's job duties did not include the exercise of discretion or independent judgment with respect to matters of significance. For example, Khatod gave Plaintiff a price bracket for each product, and Plaintiff could not sell a product outside of that price bracket without Khatod's permission.

20. From the beginning of his employment to around 2006, Plaintiff worked at Alpha Imports's office at 2 West 46th Street, 14th Floor, New York, NY 10036.

21. From 2006 to February 2018, Plaintiff worked at Alpha Imports's office at 7 West 45th Street, 17th Floor, New York, NY 10036.

22. From February 2018 to the end of his employment, Plaintiff worked at Alpha Imports's office at 15 West 47th Street, Suite 405, New York, NY 10036.

23. Khatod hired Plaintiff, directly supervised Plaintiff, and controlled the terms and conditions of Plaintiff's employment, including the work that Plaintiff performed, the hours that Plaintiff worked, and the wages that Plaintiff was paid.

24. From the beginning of his employment to around 2009, Plaintiff worked Monday to Friday from around 8:45 a.m. to around 7:15 p.m. (and sometimes later)—i.e., a total of 10.5 hours per day and 52.5 hours per week.

25. From the beginning of his employment to around 2003, Plaintiff also worked, on average, 18 trade shows per year, each of which lasted, on average, three to four days, 11 hours per day.

26. Insofar as most or all of the trade shows that Plaintiff worked included Saturdays and Sundays, each trade show added, on average, at least 22 hours to the total number of hours that Plaintiff worked per week.

27. From around 2009 to the end of his employment, Plaintiff worked Monday to Friday from around 8:30 a.m. to around 6:30 p.m. (and sometimes later)—i.e., a total of at least 10 hours per day and 50 hours per week.

28. Plaintiff's hours usually exceeded Alpha Imports's publicly-posted business hours because Plaintiff's job duties were not limited to interacting with customers, and moreover, interactions with customers would often continue after Alpha Imports's publicly-posted business hours.

29. Upon information and belief, Defendants failed to keep records of the number of hours that Plaintiff worked.

30. From the beginning of Plaintiff's employment to around 2008, Defendants issued Plaintiff a paycheck for a fixed amount less than $1,200.00 for each biweekly pay period; Plaintiff does not recall the precise amount.

31. From around 2008 to the end of Plaintiff's employment, Defendants issued Plaintiff a paycheck for $1,200.00 for each biweekly pay period.

32. Plaintiff did not receive each paycheck until, on average, 1 to 2 months after the pay date printed thereon.

33. Since 2011, Plaintiff has been diabetic, has had high blood pressure, and has had four stents in his heart.

34. Because of the lack of ventilation in Alpha Imports's office and the requirement that Plaintiff move boxes, he was unable to continue working without accommodations.

35. Plaintiff requested accommodations, including air conditioning and relief from moving boxes, multiple times, but his requests were denied.

36. On July 18, 2018, because of the ongoing withholding of his paychecks and negative effects of the job on his health, Plaintiff resigned.

37. There was never any agreement between Plaintiff and Defendants that Plaintiff's salary covered more than 40 hours per week or otherwise included any overtime wages.

38. Defendants never paid Plaintiff any overtime wages for any week in which he worked more than 40 hours.

39. Upon information and belief, Defendants knew or showed reckless disregard for the fact that that they were required to pay Plaintiff overtime wages pursuant to the FLSA and NYLL.

40. Defendants did not provide Plaintiff with a statement with each payment of wages listing the dates of work covered by that payment of wages, name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, gross wages, deductions, net wages, regular hourly rate or rates of pay, overtime rate or rates of pay, number of regular hours worked, and number of overtime hours worked.

41. Throughout Plaintiff's employment, Defendants never posted the notices described in 29 C.F.R. § 516.4 and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.8 nor otherwise notified Plaintiff of his rights under the FLSA and/or NYLL.

42. Plaintiff did not learn of his right to overtime wages under the FLSA and NYLL and the statutes of limitations therefor until after his resignation on July 18, 2018.

## FIRST CAUSE OF ACTION
## Failure to Pay Overtime Wages Pursuant to the FLSA

43. All preceding paragraphs are incorporated herein by reference.

44. Plaintiff is an "employee" as defined in 29 U.S.C. § 203(e).

45. Alpha Imports is an "employer" as defined in 29 U.S.C. § 203(d).

46. Khatod is an "employer" as defined in 29 U.S.C. § 203(d).

47. Throughout his employment with Defendants, Plaintiff was "engaged in commerce or the production of goods for commerce" as defined in 29 U.S.C. §§ 203(b), 203(i) and used in 29 U.S.C. §§ 206(a), 207(a).

48. Pursuant to 29 U.S.C. § 207(a)(1), Defendants were required to pay Plaintiff at least one-and-one-half times his regular rate for each hour of work in excess of 40 per week.

49. Defendants failed to pay Plaintiff one-and-one-half times his regular rate for each hour of work in excess of 40 per week.

50. In the absence of any agreement between Plaintiff and Defendants that Plaintiff's salary covered more than 40 hours per week or otherwise included any overtime wages, Plaintiff's salary is presumed to have covered only 40 hours of work per week.

51. Based on his biweekly paychecks of $1,200.00, Plaintiff's regular rate was $15.00 per hour—i.e., $600.00 per week divided by 40 hours.

52. Based on a regular rate of $15.00 per hour, Plaintiff's overtime rate was $22.50 per hour—i.e., one-and-one-half times $15.00; therefore, Defendants were required to pay Plaintiff overtime wages of $22.50 for each hour of work in excess of 40 per week.

53. Defendants' failure to pay Plaintiff one-and-one-half times his regular rate for each hour of work in excess of 40 per week, in violation of the FLSA, was "willful," as used in 29 U.S.C. § 255(a).

54. Because of their failure to pay Plaintiff the required overtime wages, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Plaintiff for the unpaid overtime wages, an equal amount in liquidated damages, attorney's fees, and costs.

55. Because Defendants never posted the notices described in 29 C.F.R. § 516.4 nor otherwise notified Plaintiff of his rights under the FLSA, Plaintiff is entitled to equitable tolling of the statute of limitations under the FLSA. Accordingly, Plaintiff is entitled to recover unpaid overtime wages, an equal amount in liquidated damages, attorney's fees, and costs for the period of October 2001 to July 18, 2018.

## SECOND CAUSE OF ACTION
## Failure to Pay Overtime Wages Pursuant to the NYLL

56. All preceding paragraphs are incorporated herein by reference.

57. Plaintiff is an "employee" as defined in N.Y. Lab. Law § 651(5).

58. Alpha Imports is an "employer" as defined in N.Y. Lab. Law § 651(6).

59. Khatod is an "employer" as defined in N.Y. Lab. Law § 651(6).

60. Pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2, Defendants were required to pay Plaintiff at least one-and-one-half times his regular rate for each hour of work in excess of 40 per week.

61. Defendants failed to pay Plaintiff one-and-one-half times his regular rate for each hour of work in excess of 40 per week.

62. The method of calculating overtime wages under the NYLL is the same as the method of calculating overtime wages under the FLSA as set forth above.

63. Because of their failure to pay Plaintiff the required overtime wages, pursuant to N.Y. Lab. Law § 663(1), Defendants are liable to Plaintiff for the unpaid overtime wages, an equal amount in liquidated damages, prejudgment interest, and attorney's fees.

64. Because Defendants never posted the notices described in N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.8 or otherwise notified Plaintiff of his rights under the NYLL, Plaintiff is entitled to equitable tolling of the statute of limitations under the NYLL.  Accordingly, Plaintiff is entitled to recover unpaid overtime wages, an equal amount in liquidated damages, prejudgment interest, and attorney's fees for the period of October 2001 to July 18, 2018.

### THIRD CAUSE OF ACTION
### Frequency-of-Payment Violations Pursuant to the NYLL

65. All preceding paragraphs are incorporated herein by reference.

66. Pursuant to N.Y. Lab. Law § 191(d), Defendants were required to pay Plaintiff "the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer.

67. Defendants failed to pay Plaintiff in accordance with the frequency-of-payment requirements of N.Y. Lab. Law § 191(d).

68. Because of their failure to pay Plaintiff in accordance with the frequency-of-payment requirements of N.Y. Lab. Law § 191(d), Defendants are liable to Plaintiff for compensatory damages.

### FOURTH CAUSE OF ACTION
### Failure to Provide Wage Statements Pursuant to the NYLL

69. All preceding paragraphs are incorporated herein by reference.

70. Pursuant to N.Y. Lab. Law § 195(3), Defendants were required to provide Plaintiff with a statement with each payment of wages listing the dates of work covered by that

payment of wages, name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, gross wages, deductions, net wages, regular hourly rate or rates of pay, overtime rate or rates of pay, number of regular hours worked, and number of overtime hours worked.

71. Defendants failed to provide the required wage statements.

72. Because of their failure to provide the required wage notice, pursuant to N.Y. Lab. Law § 198(1-d) Defendants are liable to Plaintiff for damages of two hundred fifty dollars ($250.00) for each work day that the violations occurred or continue to occur up to a maximum of five thousand dollars ($5,000.00). In this case, because Defendants have failed to provide the required wage statements for more than twenty (20) work days, they are liable to Plaintiff for damages of five thousand dollars ($5,000.00).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendant as follows:

- A. Awarding Plaintiff damages, in an amount to be determined at trial, for unpaid overtime wages pursuant to the FLSA and/or NYLL;
- B. Awarding Plaintiff compensatory damages, in an amount to be determined at trial, for frequency-of-payment violations pursuant to the NYLL;
- C. Awarding Plaintiff damages of five thousand dollars ($5,000.00) for Defendants' failure to provide wage statements pursuant to the NYLL;
- D. Awarding Plaintiff attorney's fees and costs pursuant to the FLSA and/or NYLL;
- E. Awarding Plaintiff prejudgment interest pursuant to N.Y. CPLR 5004;
- F. Awarding Plaintiff postjudgment interest pursuant to 29 U.S.C. § 1961; and

  G. Granting such other relief as this Court deems just.


Dated: New York, New York
    January 10, 2019

              RAFF & BECKER LLP

           By: _____
              Jacob Korder (JK6283)
              Attorneys for Plaintiff
              470 Park Avenue South
              3rd Floor North
              New York, NY 10016
              (212) 732-5400
              korderj@raffbecker.com